UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Lee Lisenby, Jr., # 200273, | ) | C/A No. 5:15-cv-1358-DCN-KDW |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| The SCDC Inmate Records Supervisor; | ) | |
| The SCDC Classification Supervisor; | ) | |
| Lieber CI Classification Supervisor; | ) | |
| Warden McFadden; | ) | |
| Director Bryan Stirling, | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

Billy Lee Lisenby, Jr. ("Plaintiff") is a prisoner in the South Carolina Department of Corrections ("SCDC") system. He is currently incarcerated at Lieber Correctional Institution. In the Complaint under initial review, Plaintiff cites to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and several United States Constitutional Amendments and sues several SCDC employees/officials for injunctive relief. ECF No. 1-1 at 1, 3. Plaintiff contends Defendants have violated his constitutional rights because they have improperly calculated his max-out date by failing to restore good-time credits that were taken from him as sanctions for six different disciplinary-

violation convictions [March 3, 2009 (possession of contraband); January 2013 (use and possession of narcotics, marijuana, or unauthorized drugs); June 7, 2013 (disrespect); February 1, 2013 (disrespect); September 18, 2010 (refusing to obey); March 2009 (assault and battery on an officer)] that were ultimately fully or partially reversed or dismissed. He also contends that his work credits have not been properly applied to his sentence. ECF No. 1-1 at 1-2. He seeks injunctive relief in the form of reinstatement of "all his good time in each case" and an order that Defendants provide him with a "computer printout of the Plaintiff's entire good time, and work credits history . . . ." *Id*. at 3. Plaintiff alleges that he filed one or more grievances concerning these claims in "2013-2014" and that the agency "fail to respond." Compl. 2, ECF No. 1. He does not state that he appealed any of the alleged grievances about improper sentence-credit calculations to any South Carolina state court.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is

evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

    III.    Discussion

Plaintiff's Complaint is frivolous and fails to state a plausible claim under any of the federal statutes or constitutional amendments cited as support for the pleading because the requested relief "to obtain my good time and work credits," ECF No. 1 at 2, and a correction of a max-out or release date may be obtained only in a habeas action and not by way of a civil-rights complaint. *See Sampson v. Ozmint*, No. 08-1717, 2009 WL 1834372, at \*\*2, 4 (D.S.C. June 25, 2009) (citing to *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and holding that sentence-calculation or max-out date claims may not be raised under § 1983; inmate must file a habeas action after full exhaustion); *Walker v. Burtt*, No. 6:06-cv-2054-GRA-WMC, 2007 WL 2893364 (D.S.C. Sept. 28, 2007) (same); *see also Harris v. Classification Kirkland Corr. Inst.*, No. 07-2888, 2007 WL 2815582, at \* 3 (D.S.C. Sept. 25, 2007) (dismissal required even if § 1983 complaint regarding his max-out date was construed as a habeas petition because exhaustion of state remedies not clear from the face of the complaint). Although § 1983 does provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, the United States Supreme Court has held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release,

3

even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1991) (citing *Preiser,* 411 U.S. at 488-90) ("[r]elease from prison is not a remedy available under 42 U.S.C. § 1983."); *see Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (habeas is exclusive remedy for prisoners who "seek to invalidate the duration of their confinement. . . ."). This Plaintiff is obviously aware of the requirement that such claims be raised in this court through habeas corpus after full exhaustion of state remedies. In *Lisenby v. Cartledge*, No. 5:14-cv-01546-DCN, 2015 WL 1146497 (D.S.C. Mar. 13, 2015), he was recently involved as the petitioner in a habeas corpus action wherein he sought to have good-time credits taken as a sanction restored. It was noted in the Order granting summary judgment in that case that Plaintiff fully exhausted his state court remedies before filing the habeas petition under consideration. *Id.* (Order Granting Summary Judgment, ECF No. 50 at 3).

As was the case in *Harris v. Classification Kirkland Correctional Institution*, No. 07-2888, 2007 WL 2815582, even if this court were to construe the Complaint in this case as a habeas corpus petition, summary dismissal would still be required because full exhaustion of state court remedies as to Plaintiff's sentence-calculation claim is not shown. Although Plaintiff vaguely alleges that sometime during "2013-2014," he filed one or more institutional grievances about his present contention that his max-out date is improperly calculated because SCDC personnel have not properly computed his good-time and work credits, ECF No. 1 at 2, there is no indication that Plaintiff received a hearing on any of those grievances, *see Tant v. S.C. Dep't of Corr.*, 759 S.E.2d 398, 337 (S.C. 2014) ("the Department must provide an inmate with timely, formal notice when it seeks to recalculate its initial determination of his sentence and advise him of his right to file a grievance and obtain a hearing . . . ."), or that he appealed any SCDC final decision on any of those grievances pursuant to the South Carolina Administrative Procedures

4

Act ("SCAPA"), S.C. Code Ann. §§ 1-23-310 through 1-23-400. *See Al Shabazz v. South Carolina*, 527 S.E.2d 742, 754-756 (S.C. 2000). Under the SCAPA, if an inmate is not satisfied with the agency's final decision, the prisoner must first file an appeal with the South Carolina Administrative Law Court ("ALC"). *See* S.C. Code Ann. § 1-23-380; *Furtick v. S. C. Dep't of Corr.*, 374 S.C. 334, 649 S.E.2d 35, 37-38 (S.C. 2007) (ALC had jurisdiction over loss of good-time credits that inmate was unable to earn due to reprimand for a rule infraction); *see also Dicks v. S. C. Dep't of Corr.*, No. 9:06-cv-00663-HFF, 2006 WL 1207851 (D.S.C. May 2, 2006). This procedure, which applies for most credit-related and sentence-calculation issues, is in contrast to other habeas corpus issues that challenge the validity of the prisoner's state criminal conviction itself and that generally commence in the state courts of common pleas pursuant to the post-conviction relief statutes with appeal pursuant to the corresponding appellate court rules. *See* S.C. Code Ann. §§ 17-27-10 through 17-27160; SCACR 243.

   As previously stated, Plaintiff seeks injunctive relief that "all his good time in each case" be restored and an order to SCDC to provide him with a "computer printout of the Plaintiff's entire good time, and work credits history . . . ." ECF No. 1-1 at 3. If this court were to grant the relief requested—restoration of all of the good-time credits that were allegedly not restored when they should have been and application of work credits that were allegedly not properly credited—the duration of the state criminal sentence that Plaintiff is serving would, necessarily, be affected. The time that Plaintiff would spend incarcerated on his sentence would be shortened by the number of restored days of sentence credits. Under the applicable law cited above, Plaintiff may only obtain that relief from SCDC through the administrative-remedy process, the South Carolina state courts through appeals under the SCAPA, or from this court only by way of a habeas corpus action. The Complaint under review fails to state a plausible non-habeas civil

5

rights action and is, therefore, subject to summary dismissal. Plaintiff was informed by this court in *two* previous cases that summary dismissal was required if he attempted to obtain restoration of good-time credits through a civil rights complaint: *Lisenby v. Riley*, Civil Action No. 5:14-3670-DCN (Report and Recommendation, ECF No. 10); *Lisenby v. Riley*, Civil Action No. 5:15-485-DCN (Report and Recommendation, ECF No. 10). Nevertheless, Plaintiff filed the Complaint now under review in which the same defects are present. Plaintiff was previously informed of the applicable law in this area, the legal defects in this Complaint cannot be corrected through amendment, and Plaintiff's Complaint is frivolous.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *with prejudice*. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

It is further recommended that this case be deemed a strike for purposes of the three-strikes rule because of its frivolity and failure to state a plausible claim. 28 U.S.C. § 1915(g); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009); *see Blakely v. Wards*, No. 11-6945, 2013 WL 5718441 (4th Cir. Oct. 22, 2013).

IT IS SO RECOMMENDED.

April 16, 2015                                        Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).