# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| BILLY LEE LISENBY, JR., *a/k/a Malik Al-Shabazz*, | )<br>)<br>) |
| Petitioner, | ) No. 5:15-cv-01358-DCN<br>) |
| vs. | )<br>) |
| THE SCDC INMATE RECORDS SUPERVISOR; THE SCDC CLASSIFICATION SUPERVISOR; LIEBER CI CLASSIFICATION SUPERVISOR; WARDEN MCFADDEN; and DIRECTOR BRYAN STIRLING, | ) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |
| Respondents. | )<br>) |

The above referenced case is before this court upon United States Magistrate Judge Kaymani West's report and recommendation that the court dismiss plaintiff Billy Lee Lisenby's ("Lisenby") complaint with prejudice. The magistrate judge further recommends that this case be deemed a strike for purposes of the three-strikes rule because of its frivolity and failure to state a plausible claim. 28 U.S.C. § 1915(g); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009); see also Blakely v. Wards, 2013 WL 5718441 (4th Cir. Oct. 22, 2013). .

This court is charged with conducting a de novo review of any portion of the magistrate judge's report and recommendation to which a specific objection is filed, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal

1

conclusions of the magistrate judge. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.1984), cert. denied, 467 U.S. 1208, (1984). Rather than filing objections to the report and recommendation, Lisenby filed a motion for voluntary dismissal without prejudice on April 24, 2015.

A review of the record indicates that the magistrate judge's report and recommendation accurately summarizes this case and the applicable law. For the reasons articulated by the magistrate judge, it is hereby ordered that the complaint in the above-captioned case be summarily dismissed with prejudice and without issuance and service of process upon the defendants.

In sum, the court finds that dismissal is appropriate because Lisenby's claims are either frivolous, malicious, or both, or Lisenby's allegations simply fail to state a cognizable claim. The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

<u>See</u> <u>McLean</u>,566 F.3d 391. "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed in forma pauperis but rather must pay up-front all filing fees for his subsequent suits." <u>Blakely v. Wards</u>, 738 F.3d 607, 609 (4th Cir. 2013), as amended (Oct. 22, 2013). This means that, after receiving a third strike,

plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file.  Id. at 610.

As evidenced by the appendix of cases attached to the present order as Exhibit 1, Lisenby continues to file inadequate, repetitive, and frivolous pleadings.  Frequently, Lisenby attempts to correct the inadequacies of his pleadings by voluntarily dismissing the complaint, only to be filed again at a later date.  To date, Lisenby has filed at least 46 cases in this court.  Therefore, the court adopts the magistrate judge's recommendation and finds this action constitutes a "strike" under § 1915(g).  In light of the fact that this is Lisenby's third "strike," Lisenby is now barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

It is therefore **ORDERED**, that the magistrate judge's report and recommendation is **ADOPTED** as the order of this Court and the complaint is **DISMISSED WITH PREJUDICE**.  As such, Lisenby's motion for voluntary dismissal is deemed moot.

It is **FURTHER ORDERED**, for the reasons above and those articulated in the magistrate judge's report and recommendation that this action is deemed "a strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  The Clerk is instructed to dismiss any future civil action filed by Lisenby in forma pauperis unless the prisoner is under imminent danger of serious physical injury.[1]

---

[1]     Nothing herein prevents Lisenby from bringing a future civil action if he prepays the full filing fee or he is under imminent danger of serious physical injury.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 29, 2016**
**Charleston, South Carolina**